# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

SAMMY STRAIN                                )

                                            )    Civil Action No - 07-734
vs.                                         )


EDDIE LEVERT, WALTER WILLIAMS, )
O'JAYS INC., PHILADELPHIA                  )
INTERNATIONAL RECORDS,                     )
ASSORTED MUSIC, INC., GAMBLE-              )
HUFF, & CHUCK GAMBLE                       )

## DEFENDANTS' MOTION TO DISMISS COMPLAINT WITH PREJUDICE

**COMES NOW** Defendants Eddie Levert, and Walter Williams, and O'Jays, Inc. , although it no longer exists (Collectively, "Defendants" and sometimes referred to as "The O'Jays"), by and through their undersigned counsel, Law Offices of Rosalind R. Ray, PLLC, James L. Bearden, Esq. of The Thomas Law Group and Arnold Gaines, Esq. of Gary Williams Parenti et al. and hereby moves this court to Dismiss with Prejudice the complaint filed herein on grounds of 1) Statute of Limitations; 2) Improper Venue/Jurisdiction; 3) Improper Parties; 4) Improper Service; 5) Laches; 6 ) Failure to State a Claim upon which Relief can be granted; 7) Lack of Standing; 8) Abuse of Process as well as the fact that the complaint is blatantly violative of the mandates of well established Federal Law. In support of its motion, Defendants Eddie Levert and Walter Williams submit the accompanying memorandum of law.

                                            Respectfully submitted,

                                            *of gsaltnd* pie,, oW\ -d{sq.
                                            _____
                                            Rosalind R. Ray, Esq.
                                            Law Offices of Rosalind R. Ray, PLLC
                                            6856 Eastern Avenue, NW, Suite 208
                                            Washington, DC 20012
                                            202-722-7282

*Somas of Bearden, J.*

_____
James L. Bearden, Esq., Pro Hac Vice Pending
The Thomas Law Group
445 E. Palmetto Park Road
Boca Raton, Florida 33432

*pfftnold satnes, &T.*

_____
Arnold Gaines, Esq., Pro Hac Vice Pending
Gary Williams Parenti et al.
221 E. Osceola Street
Stuart, Florida 34994

**ATTORNEYS FOR DEFENDANTS
EDDIE LEVERT** & **WALTER WILLIAMS**
& **O'JAYS, INC.**

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMMY STRAIN | ) |
| | ) Civil Action No - 07-734 |
| vs. | ) |
| | ) |
| EDDIE LEVERT, WALTER WILLIAMS, | ) |
| O'JAYS INC., PHILADELPHIA | ) |
| INTERNATIONAL RECORDS, | ) |
| ASSORTED MUSIC, INC., GAMBLE- | ) |
| HUFF, & CHUCK GAMBLE | ) |

## INTRODUCTION

Plaintiff Sammy Strain filed a complaint against numerous Defendants, including Eddie Levert, Walter Williams, O'Jays, Inc., which no longer exists, Philadelphia International Records, Assorted Music, Inc., Gamble-Huff, & Chuck Gamble.

Plaintiff's claims against Defendants Levert and Williams and O'Jays, Inc. fail as a matter of law and should be dismissed. First, Plaintiff's claims are barred by the applicable statute of limitations; Second, Plaintiffs claims are barred by laches; Third, Plaintiff's claims are barred in this court due to improper venue/jurisdiction/diversity of citizenship; Fourth, Plaintiffs claims are barred due to improper parties; Fifth, Plaintiffs claims are barred due to Lack of Standing; Sixth, Plaintiffs claims are barred due to Failure to Serve Parties properly; Seventh, Plaintiffs claims are barred due to Plaintiffs Failure to state a claim upon which Relief can be Granted. Therefore, the Court should dismiss Plaintiffs Complaint pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure.

## THE FACTS

1. Defendants Eddie Levert and Walter Williams are original members and owners of the National Recording Group The O'Jays.

2. Defendant O'Jays, Inc. no longer exists.

3. Plaintiff Sammy Strain was a former contracted "Work for Hire" Performer for **GSW&E, Inc.,** the corporation who hired "loan outs" for the National Recording Group known as The O'Jays;

4. Defendants Eddie Levert and Walter Williams have no knowledge of Plaintiffs current residency;

5. Plaintiff Sammy Strain alleges that Defendants Levert and Williams along with several other Defendants participated in 1) Fraudulent Misrepresentation, 2) Breach of Contract, 3) Conversion, 4) Unjust Enrichment, and 5) Breach of Copyright License.

6. Defendants Levert and Williams state "all of these allegations are absolutely False".

7. Defendants Levert and Williams state that "Plaintiff was **never** an official member of the R&B Music Group p/k/a The O'Jays" and was a "Work for Hire" Employee signed to an employment contract with GSW & **E, Inc.;**

8. Defendants Levert and Williams state and have written employment agreement documentation to prove that Plaintiff was clearly a "Work for Hire" Performer whose services were engaged by GSW & **E, Inc.** to perform with the O'Jays, a document which was signed by Plaintiff May 1, 1977;

9. Plaintiff did not replace William Powell permanently, as he was a "Work for Hire" Employee for GSW & **E, Inc.;**

10. Plaintiff quit the group while he was a "Work for Hire" Performer to join another singing group, Little Anthony and the Imperials;

11. There was never a written agreement between Plaintiff and Defendants Levert and Williams stating that Plaintiff was a party to any employment agreement(s) with Defendants Levert and Williams individually and there was never a written agreement that Plaintiff **was not** a "Work for Hire" Performer under the GSW & **E, Inc.** agreement;

12. GSW & **E, Inc.** the corporation who engaged and employed "Work for Hire" employees to perform under the name of The O'Jays never agreed to or made Sammy Strain an official O'Jay, as he was a contracted "Work For Hire", i.e. Independent Contractor;

13. Plaintiff is not and was **never** entitled to any share of other income, salary, royalties or profits, or monies from any source whatsoever or any other bonuses per the "Work for Hire" agreement he signed May 1, 1977 with GSW & **E, Inc.**

14. Plaintiff was being paid for performances per his agreement with GSW & **E, Inc..** in Plaintiff's capacity as a "Work for Hire" Performer;

15. Plaintiff was and has been paid all monies due him as agreed upon based upon the agreement between Plaintiff and GSW & **E, Inc.** for the time he worked with the group as a "Work for Hire" Performer;

16. Plaintiff was a contracted "Work for Hire" and had **no standing** as a "Work for Hire" to sign on behalf of the O'Jays, represent the O'Jays in any matters, request royalties and Plaintiff was never entitled to royalty statements and/or any other financial statements in his capacity as a "Work for Hire" Performer;

17. Plaintiff has made a claim against an entity which does not exist, O'Jays, Inc. and against an entity that had nothing to do with his employment as a "Work for Hire" Performer for the O'Jays.

18. Prior to filing this action Plaintiff had full knowledge that he was a "Work for Hire" Performer under contract with GSW & **E, Inc.** the corporation who engaged the services of "Work for Hires" for The O'Jays.

19. Prior to filing this action Plaintiff knowingly filed a frivolous complaint with false allegations, despite the fact that Plaintiff has received all monies due him as a "Work for Hire" Performer for all times that he rendered his services under the "Work for Hire" agreement with GSW & **E, Inc.**

20. Plaintiff has **knowingly** made false claims, ignoring the fact that he has raised frivolous issues after approximately thirty (30) years.

21. Plaintiff is knowingly filing a frivolous complaint causing damage to Defendants Levert and Williams, despite the fact that Plaintiff was never in a contract with Levert or Williams, jointly or severally.

22. Defendants Levert and Williams are forced to spend significant time, money and effort to file documents opposing Plaintiff's frivolous claim.

23. That Plaintiff **intentionally and willfully** made false statements, without proof of any wrongdoing by Defendants Levert and Williams, in utter disregard for the truth and publicly spoke about Defendants Levert and Williams, stating that "Levert and Williams operated fraudulently, stabbed them in the back, (See press release attached hereto), although Plaintiff knew he worked in the capacity as a "Work for Hire" Performer for GSW & **E, Inc.** who engaged "Work for Hires" for the O'Jays.

24. That Plaintiff falsely stated that "Defendants Levert and Williams ruined his livelihood by depriving him of royalties", while exposing Defendants Levert and Williams to public scorn, ridicule, embarrassment, knowing that Plaintiff's written and oral statements are false and without merit and knowing that Plaintiff has no evidence to support Plaintiff's claims.

25. That Defendants Levert and Williams have suffered and will continue to suffer damage, hurt, pain and injury through no fault of their own, but due solely to the unlawful, negligent, unjustified acts of Plaintiff.

26. That as the direct and proximate result of the false and defamatory statements made knowingly and intentionally of and about Defendants Levert and Williams by Plaintiff in utter disregard for the truth Defendants Levert and Williams have suffered and will continue to suffer harm, damages, hurt, pain and injury due and owing to the untruthful, vicious, negligent acts of Plaintiff alone.

**ARGUMENT**

I.   **Standard of Review**

Rule 12(b) (6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the Plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." Hishon vs. King and Spalding, 467 U.S. 69, 73 (1984); Trump Hotels & Casino Resorts, Inc. vs. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "The purpose of a Motion to Dismiss under The Federal Rules of Civil Procedure 12(b) (6) is to test the legal sufficiency of a complaint." Gilbert vs. Feld, 788 F. Supp. 854, 858 (E.D. Pa. 1992) and DIRECT TV, Inc. vs. Kitzmiller, 2004 U.S. Dist. LEXIS 5263 (E.D.Pa.March 31, 2004) (citations omitted). The Court "accept[s] all factual

7

allegations in the complaint as true and give[s] the pleader the benefit of all reasonable inferences that can be fairly drawn." id. However, the Court is not "required to accept legal conclusions either alleged or inferred **from** the pleaded facts." id. Moreover, "conclusory allegations of law, unsupported conclusions and un-warranted inferences need not be accepted as true." Flannigan v. Shively, 783 F. Supp. 922, 927 (M.D. **Pa.** 1992). A claim may be dismissed under 12(b) (6) when the Plaintiff **can not** prove any facts in support of the claim which they believe would entitle them to relief. ALA, Inc. vs. CCAIR, Inc., 29F.3d 855,859 (3rd Cir. 1994). The reviewing court must consider only the facts alleged in the complaint and accept all of the allegations as true. Id. In considering the allegations in the complaint, exhibits attached to the complaint and matters of public record are necessary. Pension Benefit Guar. Corp. vs. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); Documents that the defendant attaches to a motion to dismiss are considered part of the pleading if they are referred to in the Plaintiffs complaint and are central to the claim; as such, they may be considered by the court"). The Court may also review and consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the Defendant has attached a copy of the document(s) to the motion to dismiss. Id. According to law, the Court need not assume that the Plaintiff can prove facts that were not alleged in the complaint. City of Pittsburgh vs. West Penn Power Co., 147 F.3d 256, 263 (3d Cir. 1998)] nor should the court give credence or credit to a complaint's "bald assertions" or "legal conclusions". Morse vs. Lower Marion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). There are limitations to the court's role when considering a 12(b) (6) Motion and that role is limited to determining whether the Plaintiff is entitled to offer evidence in support of the claims. Scheuer vs. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974). The only way the Plaintiff can survive a Motion to Dismiss is to present information/evidence from which each element of a claim may be inferred. Kost vs. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). The Defendants bear the burden of establishing that the Plaintiffs complaint

**fails to state a claim upon which relief can be granted.** Gould Elecs. vs. United States, 220 F.3d 169, 178 (3d Cir. 2000).

After reviewing the claim herein and the evidence presented, it is clear that the Plaintiff can not prove any of the allegations alleged in the complaint, particularly since The Defendants Levert and Williams 1) never contracted with Plaintiff jointly and/or severally; 2) have written evidence attached hereto, which will clearly point out that the Plaintiff was in a written agreement with GSW & **E, Inc.** and has failed to state a claim upon which relief can be granted. This evidence alone points out that Plaintiff was a "Work for Hire" Employee for GSW & **E, Inc.;** had no relationship to GSW & **E, Inc.** and/or O'Jays, Inc. and/or The O'Jays other than employee and did not have standing as a "Work for Hire" to pursue any of the frivolous claims in Plaintiffs Complaint. 3) Further, the Statute of Limitations has run; and 4) the Plaintiff is also faced with the rule of law regarding "Laches". Additionally, the "Work for Hire" agreement document dated May 1, 1977 with GSW & **E, Inc.** presented as evidence by Defendants Levert and Williams bear the signature of Plaintiff and ultimately leads a reasonable person to deduce that Plaintiff has filed not only a frivolous lawsuit, but has filed a lawsuit with **the intention** of deceiving the court and abusing the court system. Certainly, Plaintiff was fully aware that Plaintiff was in an agreement which did not grant him royalties, as is evidenced by Plaintiff's failure to file a claim over 30 years ago. To suddenly file a frivolous claim after almost 32 years leads a reasonable mind to deduce that Plaintiff was fishing and hoping that records could not be retrieved and that possibly he could reach a settlement by filing a frivolous claim. If in fact Plaintiff had a valid claim, there is still a 30 year delay in alerting the court system. If this was a valid claim then Plaintiff should have filed this suit 30 years ago. The facts surrounding this frivolous claim by Plaintiff clearly show that Plaintiff does not have a valid claim and that this courts mandate regarding Statute of Limitations, Laches, Standing, and abuse of process, just to name a few, should prevail and this case should be **Dismissed with Prejudice.**

## II. Plaintiffs Complaint Fails to Prove Conspiracy

Plaintiff throughout the complaint accuses Defendants Levert and Williams of conspiring with other defendants to defraud Plaintiff. Under Pennsylvania law, Plaintiff must establish through evidence that "two or more persons combined or agreed to do an unlawful act or to do an otherwise lawful act by unlawful means". Thompson Coal Co., vs. Pike Coal Co., 488 Pa. 198, 412 A.2d 466, 472 (Pa. 1979). Plaintiff must also allege malice, i.e., intent to injure, and evidence that an overt act was performed in furtherance of the conspiracy, which resulted in actual legal damages. Corrigan vs. Methodist Hosp., 853 F. Supp. 832, 837 (E.D. Pa. 1994).

The Plaintiff can not establish through evidence that two or more persons agreed to do an unlawful act, particularly since the Plaintiff is fully aware that the individuals that Plaintiff contends were in cahoots with Defendants Levert and Williams were adversaries with Levert and Williams up until approximately the end of 2005. Additionally, Plaintiff can not prove there has ever been an **intent** to injure Plaintiff. Based upon these facts, Defendants Levert and Williams state Plaintiff has not fulfilled the pre-requisite requirements of a conspiracy allegation.

## III. Complaint against Defendants Levert & Williams is Barred by the Applicable Statute of Limitations and Laches

It is clear from the face of the complaint that the cause of action which Plaintiff brings has **not** been brought within the appropriate limitations period, therefore, this complaint can be dismissed under the Rule 12(b)(6). Loach vs. Hafer, 2003 WL 23024530, at * 1 (E.D.Pa. Dec. 23, 2003). Plaintiff alleges and makes claims that Defendants Levert & Williams made fraudulent misrepresentations, breached his contract, participated in conversion, participated in unjust enrichment and Breached Copyright licenses. All of these allegations are False. First, Defendant's **could not breach** an agreement that they were **never** a party to. But more importantly, Plaintiff's allegations have occurred over thirty (30) years ago, which is beyond the statute

10

of limitations and laches requirements to make a case in any instance on any of these frivolous claims. There are strict statute of limitations guidelines followed by all Federal Courts and if the Plaintiff believed he had a valid claim, then this claim should have been filed within the appropriate time period, not thirty (30) years later. In Pennsylvania, the statute of limitations for fraud and negligent misrepresentation is two years. See 42 Pa. Cons.Stat. Section 5524(7). Under state law, the limitations period begins to run when "the right to institute and maintain the suit arises". Pocono Int'l Raceway, Inc. vs. Pocono Produce, Inc., 503 Pa. 80, 468 A.2d 468,471 (Pa. 1983). The Plaintiff has absolutely failed to meet the time requirements to file any claim in this court. Plaintiffs failure to follow the Statute of Limitations guidelines forever bars Plaintiff from coming forward to file a claim approximately 30 years later. Plaintiff claims that the alleged injuries occurred sometime in 1977 and now he brings a claim in 2007. Plaintiff has not brought a timely claim; therefore, Plaintiffs claim is barred by law. Additionally, under the "Doctrine of laches" the Plaintiff can not slumber on his alleged rights. Further Plaintiff neglected to assert a claim for his rights within a reasonable time period, without a valid reason, therefore causing Plaintiff to be barred from any recovery, had he been entitled to some sort of recovery. After the time period set out in the applicable statute of limitations has run, no legal action can be brought regardless of whether any cause of action ever existed. Additionally, under California law which is persuasive authority, the elements of fraud are a) misrepresentation (false representation, concealment, or nondisclosure); b) knowledge of falsity (or scienter); c) intent to defraud, i.e., to induce, reliance; d) justifiable reliance; and e) resulting damage". Lazar vs. Superior Court, 12 Cal.4$^{t}$ 631,638 (1996). The Plaintiff is unable to show evidence of any of these elements. Accordingly, due to the fact that Plaintiff does not have facts or evidence to support his frivolous claim and due to the fact that Plaintiff was a "Work for Hire" Employee, and was never in an agreement with Defendant Levert and/or Williams, Plaintiff ultimately has no standing to bring a claim against Defendants Levert, Williams and/or

O'Jays, Inc. and for the these reasons as well as several other valid reasons, cited herein, with the greatest reason being "Statute of Limitations", all of Plaintiffs claims should be **Dismissed with Prejudice.**

  **IV.**  **Improper Service and Failure to Serve all Defendants**

  Based upon Federal Rule of Civil Procedure 12(b)(5), the party effecting service and seeking to establish jurisdiction bears the burden of demonstrating the validity of service once it is challenged. Grand Entm't Group, Ltd., 988 F.2d at 488, Petsinger vs. Dep't of Transp., 211 F.Supp.2d at 610, 611 (E.D. Pa. 2002). Additionally, service on a corporation is governed by Federal Rule 4(h), which permits service pursuant to the law of the state in which the district court sits. McKinnis vs. Hartford Life, 217 F.R.D. 359, 361 (E.D. Pa. 2003). Pennsylvania Rule 424 permits service on a corporation or similar entity by serving an executive officer, partner or trustee; by serving a manager, clerk, or other person in charge of any regular place of business of the corporation; or, by serving any agent authorized to receive service. Id. Plaintiff did not follow these rules. Plaintiff **did not** serve Defendant Levert, or Defendant O'Jays, Inc. at all. Mays, Inc. does not exist. Further Plaintiff did not serve Defendant Williams properly. Defendant Williams received a priority mail envelope from his stage manager, after a woman said "this is for you" and then placed the envelope at the foot of the stage at an O'Jays concert in New York. O'Jays, Inc. does not exist and was not the entity that was in contract with Plaintiff. Clearly, there should have never been an attempt to serve Defendants Levert and Williams, since they were never in an agreement with Plaintiff at all. Accordingly, the complaint should be dismissed for failure to properly serve.

  **V.**  **Plaintiff can not bring a claim in this Federal Court due to Improper Venue and Lack of Diversity of Citizenship**

  The Plaintiff can not bring a claim in this Federal Court due to Improper Venue and Lack of Diversity of Citizenship. Plaintiff allegedly lives in New Jersey and one of the Defendants lives in New Jersey,

therefore causing Plaintiff not to meet the Diversity of Citizenship rule for the Federal Court-The United States District Court for The Eastern District of Pennsylvania. Additionally, unlike a 12(b)(6) motion, a motion pursuant to Rule 12(b)(2) claiming lack of personal jurisdiction is a matter that requires resolution of factual issues outside the pleadings. <u>Colantonio vs. Hilton Int'l. Co.</u>, 2004 WL 1274387, at * 1 (E.D.Pa June 8, 2004) (citing <u>Time Share Vacation Club vs. Ad. Resorts Ltd.</u>, 735 F.2d 61,66n. 9 (3d Cir. 1984). "Once the lack of personal jurisdiction has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence". The question of personal jurisdiction is appropriate for consideration on a motion to dismiss because it must be raised by a defendant in the first responsive motion. See Fed. R.Civ.P. 129h)(1). Defendants Levert and Williams were never in a contract with Plaintiff at any time during his career, therefore the court does not have personal jurisdiction over Levert and/or Williams.

## VI.     Plaintiff does not have Standing to bring a Claim against Defendants

Plaintiff does not have standing to bring a claim against Defendants Levert and Williams, particularly since Plaintiff was never in a contract with Levert and/or Williams, jointly or severely. Plaintiff has made claims as if he were not a "Work for Hire" Employee and as if he were in a contract with Defendants Levert and/or Williams. Plaintiff was under written contract with GSW & **E, Inc.** which specifically excluded Plaintiff from receiving royalties and many other monies which were not earmarked for Plaintiff, a "Work for Hire" Employee. Further, this "Work for Hire" agreement stated that Plaintiff could not sign on behalf of The O'Jays. The Plaintiff does not have standing to sue under the "Standing to sue" Doctrine. The law clearly states that "when the Plaintiff does not have a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy, he can not be afforded the opportunity to sue". <u>Sierra Club vs. Morton,</u> 405 U.S. 727, 92 S. Ct. 1361, 1364, 31 L.Ed.2d 636. The requirement of standing is only satisfied if one can say that the Plaintiff has a legally protectible and tangible interest at stake in the litigation. The Plaintiff can

not say that Plaintiff has a legally protectible and tangible interest at stake based upon the mere fact that the Plaintiff was a "Work for Hire" Employee, was never in a performance agreement with Defendants Levert, Williams and/or O'Jays, Inc.

### VII. Plaintiff has filed suit against Improper Parties

Plaintiff has filed suit against improper parties. Plaintiff was at all times during his employment working for the O'Jays in a "Work for Hire" agreement under GSW& **E, Inc.,** however, Plaintiff has chosen to file suit against individuals Walter Williams and Eddie Levert and a corporation titled O'Jays, Inc., which does not exist and a corporation which did not enter into an agreement with him for his Performance employment agreement. Because Plaintiff was hired by GSW & **E, Inc.** corporation and signed an agreement with said corporation, he is barred from filing suit against the owners of the corporation, Levert and Williams jointly and/or severally and Plaintiff is barred from filing against another corporation. i.e. O'Jays, Inc. which had nothing to do with his performance employment agreement.

### VIII. It is presumed that one is a "Work for Hire" Unless there is a writing to the contrary

In Pennsylvania, "there is a strong presumption that employment is "at-will" and terminable by either party for any reason, or even no reason at all, unless there is a statutory or contractual provision to the contrary. <u>Buckwalter vs. ICI Explosives USA, Inc.,</u> No. 96-4795, 1998 WL 54355 (E.D.Pa. Jan. 8, 1998); <u>Nix vs. Temple Univ. of Com. System of Higher Educ.,</u> 408 Pa.Super. 369, 596 A.2d 1132, 1135 (Pa. Super. 1991).

One of the "Work for Hire" agreements dated May 1, 1977 was deemed to have been made in the State of California. The California Labor Code creates a presumption that all employment is "At Will". This is not a partnership and does not entitle Plaintiff to any perks that a partner is entitled to.

The other "Work for Hire" agreement dated May 1, 1977 which refers to Plaintiff's performances is deemed to have been made in the State of Ohio. In Ohio, like other jurisdictions, unless there is a writing to the contrary, it is presumed that all employment is "At Will".

## CONCLUSION

**WHEREFORE,** for all the foregoing reasons, Defendants Levert and Williams respectfully request that the Court grant Defendants Levert and Williams and O'Jays, Inc's Motion to Dismiss the Complaint and that the Court Dismiss Plaintiffs Complaint against Defendants Levert and Williams and O'Jays, Inc. **with Prejudice.**

Respectfully Submitted,
By:

*0~9 5altnd OR, Oft & q.*

Rosalind R. Ray, Esq., PA bar No.-61563
**Law Offices of Rosalind R. Ray, PLLC**
6856 Eastern Avenue, NW, Suite 208
Washington, DC 20012
202-722-7282
Fax - 202-722-7933

*.9am" f. 6eatden, eq.*

James L. Bearden, Esquire, Pro Hac Vice Pending
The Thomas Law Group
445 E. Palmetto Park Road
Boca Raton, Florida 33432

*fftnold gainer, .6q.*

Arnold Gaines, Esquire, Pro Hac Vice Pending
Gary Williams Parenti et al.
221 E. Osceola Street
Stuart, Florida 34994

**ATTORNEYS FOR DEFENDANTS LEVERT AND WILLIAMS**

## CERTIFICATE OF SERVICE

     I certify that on this _____ day of April, 2007, a copy of the foregoing Motion to Dismiss

Plaintiff's Complaint with Prejudice was mailed First Class Mail to:

Robert Thomas Vance, Jr.
Law Offices of Robert T. Vance, Jr.
100 South Broad Street, Suite 1530
Philadelphia, PA 19110

and

Charles A. Whittier, Esq.
c/o Robert T. Vance, Jr.
100 South Broad Street, Suite 1530
Philadelphia, PA 19110
Attorney for Plaintiff

                                                            _0~9⁴ᵃˡᵗᵃᵈ ok ow' 0E ?._
                                                            _____
                                                            Rosalind R. Ray, Esq.

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

SAMMY STRAIN                              )

                                                   Civil Action No - 07-734

     vs.                                  )

EDDIE LEVERT, WALTER WILLIAMS, )
O'JAYS INC., PHILADELPHIA       )
INTERNATIONAL RECORDS,          )
ASSORTED MUSIC, INC., GAMBLE-   )
HUFF, & CHUCK GAMBLE            )

## ORDER

     **AND NOW,** this        day of April, 2007, it is hereby **ORDERED** that Defendant's Levert and Williams and O'Jays, Inc.'s Motion To Dismiss With Prejudice is **GRANTED,** and the Complaint filed by Plaintiff is **DISMISSED with Prejudice.**

                                                                         _____
                                                                         **JUDGE**

cc:     Rosalind R. Ray, Esq.
        Law Offices of Rosalind R. Ray, PLLC
        6856 Eastern Avenue, NW, Suite 208
        Washington, DC 20012

        James L. Bearden, Esq.
        The Thomas Law Group
        445 E. Palmetto Park Road
        Boca Raton, Florida 33432

        Arnold Gaines, Esq.
        Gary Williams Parenti et al.
        221 E. Osceola Street
        Stuart, Florida 34994

Robert T. Vance, Jr., Esq. and Charles A. Whittier, Esq.
 100 South Broad Street, Suite 1530
Philadelphia, PA 19110