# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMMY STRAIN | ) |
| | ) |
| | ) Civil Action No – 07-734 |
| vs. | ) |
| | ) |
| | ) |
| EDDIE LEVERT, WALTER WILLIAMS, | ) |
| O'JAYS INC., PHILADELPHIA | ) |
| INTERNATIONAL RECORDS, | ) |
| ASSORTED MUSIC, INC., GAMBLE- | ) |
| HUFF, & CHUCK GAMBLE | ) |

### DEFENDANTS' LEVERT, WILLIAMS AND O'JAYS, INC. ("O'JAYS DEFENDANTS)
### MEMORANDUM OF LAW IN SUPPORT OF
### THEIR MOTION FOR RULE 11 SANCTIONS

To paraphrase what Sir Walter Scott so adequately stated so long ago **"**Oh what a tangled web we weave when at first we try to deceive". We believe Plaintiffs Counsel has tried to deceive the court. No **reasonable** person would believe that Plaintiff's counsel would have filed such a lawsuit without first inquiring thoroughly as to the basis of Plaintiff's claim and further attaining sufficient evidence to support such claim legally and factually. This is certainly a frivolous claim that has been brought by Plaintiff's attorneys who have a legal obligation to exercise "due diligence". Plaintiff's Counsel was provided with several pieces of concrete evidence at the onset of their inquiries which clearly pointed out several deficiencies in their alleged claim and it is obvious that these major problems were not given credence by Plaintiff's counsel. All of the evidence sent to them was totally ignored by both Plaintiffs' counsel.

The problems with this alleged claim are endless. They are: 1) Complaint fails due to the Statute of Limitations; 2) Improper Venue/Jurisdiction; 3) Improper Parties; 4) Improper Service; 5) Laches; 6) Failure to State a Claim upon which Relief can be granted; 7) Lack of

Standing; 8) Abuse of Process as well as the fact that the complaint is blatantly violative of the mandates of well established Federal Law.  More importantly, the complaint fails to show that individuals Levert and/or Williams were ever in a contract with Plaintiff and the complaint fails to allege any wrongful conduct by O'Jays, Inc., a defunct corporation, therefore leaving a reasonable mind to believe that Plaintiffs are simply harassing Defendants as they attempt to intimidate the Defendants and extort some sort of settlement.

Moreover, Plaintiffs Counsel has been presented with not one, but two contracts which were signed by their client in 1977, stating "no rights to royalties …", which clearly prove that Plaintiff has no cause of action against the "O'Jays Defendants".  According to Rule 11(b), sanctions are indeed appropriate in circumstances such as this.

Respectfully submitted,

*Rosalind R. Ray, Esq.*
_____
Rosalind R. Ray, Esq.
Law Offices of Rosalind R. Ray, PLLC
6856 Eastern Avenue, NW, Suite 208
Washington, DC  20012
202-722-7282

*James L. Bearden, Esq.*
_____
James L. Bearden, Esq., Pro Hac Vice Pending
The Thomas Law Group
445 E. Palmetto Park Road
Boca Raton, Florida  33432

*Arnold Gaines, Esq.*
_____
Arnold Gaines, Esq., Pro Hac Vice Pending
Gary Williams Parenti et al.
221 E. Osceola Street
Stuart, Florida  34994

**ATTORNEYS FOR DEFENDANTS
EDDIE LEVERT & WALTER WILLIAMS
& O'JAYS, INC.**

**INTRODUCTION**

Plaintiff Sammy Strain filed a complaint against numerous Defendants, including Eddie Levert, Walter Williams, O'Jays, Inc., which no longer exists, Philadelphia International Records (PIR), Assorted Music, Inc., Gamble-Huff, & Chuck Gamble et al.

Plaintiff alleges that he is entitled to royalty payments from 1976 to 1992. However, Plaintiff overlooks one major problem and that is the fact that the contracts which were executed between 1977 and 1984 were between Eddie Levert and Walter Williams **only** and not Plaintiff. Plaintiff had no vested interest in any of the contracts between PIR and Levert and Williams.

PIR Defendants note in their Rule 11 Motion that Plaintiff omits any reference to the March 15, 1977 letter. However, it is obvious why Plaintiff omitted any reference to the March 15, 1977 letter of agreement **(See Exhibit A)**, as Plaintiff knew that he had been paid every dime he was ever owed under his May 1, 1977 contract with **GSW&E, Inc**. and Plaintiff knew he was not entitled to royalties, and therefore the March 15, 1977 letter was of no moment, and there was no reason for Plaintiff to look to anyone for royalties because Plaintiff **was never** entitled to royalties.

Additionally, Plaintiff omitted any reference to the May 1, 1977 employment agreement with **GSW&E (See Exhibit B)** because Plaintiff knew that if anyone recovered this May 1, 1977 document it would clearly show that Plaintiff **was not** and **is not** entitled to any royalties and that any monies he received which he was not entitled to previously must be returned. Copies of both of the aforementioned documents were provided to Plaintiff's Counsel prior to filing this Motion.

Plaintiff's Counsel should be admonished and charged with sanctions for their failure to dismiss a claim which they know has no merit. Their behavior is unwarranted.

As has been stated to Plaintiff's Counsel, Plaintiff's claims against Defendants Levert and Williams and O'Jays, Inc. fail as a matter of law and should be dismissed. First, Plaintiff's claims are barred by the applicable statute of limitations; Second, Plaintiff's claims are barred by laches; Third, Plaintiff's claims are barred in this court due to improper venue/jurisdiction/diversity of citizenship; Fourth, Plaintiff's claims are barred due to improper parties; Fifth, Plaintiff's claims are barred due to Lack of Standing; Sixth, Plaintiff's claims are barred due to Failure to Serve Parties properly; Seventh, Plaintiff's claims are barred due to Plaintiff's Failure to state a claim upon which Relief can be Granted. Therefore, the Court should impose sanctions upon Plaintiff's Counsel for their misrepresentations to the court and their failure to perform due diligence and ultimately their failure to dismiss this frivolous Complaint.

## THE FACTS

1. Defendants Eddie Levert and Walter Williams are original members and owners of the National Recording Group the O'Jays.
2. Defendant O'Jays, Inc. no longer exists.
3. Plaintiff Sammy Strain was a contracted "Work for Hire" Performer for **GSW&E, Inc.,** the corporation who hired additional vocalists and musicians for the National Recording Group known as The O'Jays;
4. Defendants Eddie Levert and Walter Williams have no knowledge of Plaintiffs current residency in New Jersey;
5. Plaintiff Sammy Strain alleges that Defendants Levert and Williams along with several other Defendants participated in 1) Fraudulent Misrepresentation, 2) Breach of Contract, 3) Conversion, 4) Unjust Enrichment, and 5) Breach of Copyright License.
6. Defendants Levert and Williams state "all of these allegations are absolutely False".

7. Defendants Levert and Williams state that "Plaintiff was **never** an official member of the R&B Music Group p/k/a The O'Jays" and was a "Work for Hire" Employee signed to an employment contract with **GSW & E, Inc.**;

8. Defendants Levert and Williams state and have written employment agreement documentation to prove that Plaintiff was clearly a "Work for Hire" Performer whose services were engaged by **GSW & E, Inc.** to perform with the O'Jays, a document which was signed by Plaintiff May 1, 1977;

9. Plaintiff did not replace William Powell permanently, as he was a "Work for Hire" Employee for **GSW & E, Inc.**;

10. Plaintiff quit the group while he was a "Work for Hire" Performer to join another singing group, Little Anthony and the Imperials;

11. There was never a written agreement between Plaintiff and Defendants Levert and Williams stating that Plaintiff was a party to any employment agreement(s) with Defendants Levert and Williams individually and there was never a written agreement establishing that Plaintiff **was not** a "Work for Hire" Performer under the **GSW & E, Inc.** agreement;

12. **GSW & E, Inc.** the corporation who engaged and employed "Work for Hire" employees to perform under the name of The O'Jays never agreed to or made Sammy Strain an official O'Jay, as he was a contracted "Work For Hire", i.e. Independent Contractor;

13. Plaintiff is not and was **never** entitled to any share of other income, salary, royalties or profits, or monies from any source whatsoever or any other bonuses per the "Work for Hire" agreement he signed May 1, 1977 with **GSW & E, Inc. (See Exhibit B)**

14. Plaintiff was being paid for performances per his agreement with **GSW & E, Inc.**. in Plaintiff's capacity as a "Work for Hire" Performer;

15. Plaintiff was and has been paid all monies due him as agreed upon based upon the agreement between Plaintiff and **GSW & E, Inc.** for the time he worked with the group as a "Work for Hire" Performer;

16. Plaintiff was a contracted "Work for Hire" and had **no standing** as a "Work for Hire" to sign on behalf of the O'Jays, represent the O'Jays in any matters, request royalties and Plaintiff was never entitled to royalty statements and/or any other financial statements in his capacity as a "Work for Hire" Performer;

17. Plaintiff has made a claim against an entity which does not exist, O'Jays, Inc. and against an entity that had nothing to do with his employment as a "Work for Hire" Performer for the O'Jays.

18. Prior to filing this action Plaintiff had full knowledge that he was a "Work for Hire" Performer under contract with **GSW & E, Inc.,** the corporation who engaged the services of "Work for Hires" for The O'Jays.

19. Prior to filing this action Plaintiff knowingly filed a frivolous complaint with false allegations, despite the fact that Plaintiff has received all monies due him as a "Work for Hire" Performer for all times that he rendered his services under the "Work for Hire" agreement with **GSW & E, Inc**.

20. Plaintiff has **knowingly** made false claims, ignoring the fact that he has raised frivolous issues in an effort to harass "O'Jays Defendants" after approximately thirty (30) years.

21. Plaintiff is knowingly filing a frivolous complaint causing damage to Defendants Levert and Williams, despite the fact that Plaintiff was never in a contract with Levert or Williams, jointly or severally.

22. Defendants Levert and Williams are forced to spend significant time, money and effort to file documents opposing Plaintiff's frivolous claim.

23. That Plaintiff **intentionally and willfully** made false statements to third parties, without proof of any wrongdoing by Defendants Levert and Williams, in utter disregard for the truth and publicly spoke about Defendants Levert and Williams, stating that "Levert and Williams operated fraudulently, stabbed them in the back, **(See press release attached hereto-Exhibit C),** although Plaintiff knew he worked in the capacity as a "Work for Hire" Performer for **GSW & E, Inc.** who engaged "Work for Hires" for the O'Jays.

24. That Plaintiff falsely stated that "Defendants Levert and Williams ruined his livelihood by depriving him of royalties", while exposing Defendants Levert and Williams to public scorn, ridicule, embarrassment, knowing that Plaintiff's written and oral statements are false and without merit and knowing that Plaintiff has no evidence to support Plaintiff's claims.

25. That Defendants Levert and Williams have suffered and will continue to suffer damage, hurt, pain and injury through no fault of their own, but due solely to the unlawful, negligent, unjustified acts of Plaintiff.

26. That as the direct and proximate result of the false and defamatory statements made knowingly and intentionally of and about Defendants Levert and Williams by Plaintiff in utter disregard for the truth Defendants Levert and Williams have suffered and will continue to suffer harm, damages, hurt, pain and injury due and owing to the untruthful, vicious, negligent acts of Plaintiff alone.

27. That Plaintiff's Counsel now has concrete evidence of the facts mentioned above and continues to harass O'Jays Defendants by not dismissing this frivolous claim.

## ARGUMENT

### I. Standard of Review

**Rule 11. Signing of Pleadings, Motions, and Other Papers; Representations to Court; Sanctions provides under 11(b) – Representations to Court**. "By presenting to the court (whether by

signing, filing, submitting or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," - 1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase of the cost of litigation; 2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; 3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and 4) the denials of factual contentions are warranted on the evidence or, if specifically so identified are reasonably based on a lack of information or belief'. Courts will usually impose Rule 11 sanctions when they deem a claim to be frivolous and/or unmeritorious. Additionally, Plaintiff's Counsel should have conducted a thorough reasonable investigation and Plaintiff's Counsel should have had sufficient evidence to support their claims raised in their Complaint to the Court. <u>Mary Ann Pensiero, Inc. vs. Lingle, 847 F.2d 90, 94 (3d Cir. 1988).</u>

After reviewing the Plaintiff's claim herein and after reviewing the evidence presented, it is clear that the Plaintiff can not prove any of the allegations alleged in the complaint, particularly since The Defendants Levert and Williams 1) never contracted with Plaintiff jointly and/or severally; 2) have written evidence attached hereto **(See Exhibit B)**, which will clearly point out that the Plaintiff was in a written agreement with **GSW & E, Inc.** and has failed to state a claim upon which relief can be granted. This evidence alone points out that Plaintiff was a "Work for Hire" Employee for **GSW & E, Inc.;** had no relationship to **GSW & E, Inc**. and/or O'Jays, Inc. and/or The O'Jays other than employee and did not have standing as a "Work for Hire" to pursue any of the frivolous claims in Plaintiff's Complaint. Plaintiff's Counsel did not perform a reasonable inquiry as required by Rule 11. We believe that once the court examines the pre-suit reasonable inquiry points, they will see that Plaintiff's Counsel have violated Rule 11.

The five points as delineated in Rule 11(b) are: 1) the amount of time available to the Attorney or Pro se individual to conduct a factual and legal investigation; 2) Speaking with the client in reliance of information regarding the factual information; 3) the legal position taken and how plausible said positions are; 4) the reasonable inquiry of another member of the bar when a case is referred to that attorney by another attorney; 5) the difficulty of the legal and factual issues. O'Jays Defendant's have discovered through their research that Plaintiff's Counsel is fully aware of this, yet they have failed to dismiss their frivolous complaint.

**II. Sanctions are Appropriate as Counsel Continues to Ignore the Statute of Limitations Defects in Plaintiff's Complaint**

It is clear from the face of the complaint that the cause of action which Plaintiff brings has **not** been brought within the appropriate limitations period, therefore, this complaint can be dismissed under the Rule 12(b)(6). Loach vs. Hafer, 2003 WL 23024530, at *1 (E.D.Pa. Dec. 23, 2003). Plaintiff alleges and makes claims that Defendants Levert & Williams made fraudulent misrepresentations, breached his contract, participated in conversion, participated in unjust enrichment and Breached Copyright licenses. All of these allegations are False. First, Defendant's **could not breach** an agreement that they were **never** a party to. But more importantly, Plaintiff's allegations have occurred over thirty (30) years ago, which is beyond the statute of limitations requirements to make a case in any instance on any of these frivolous claims. There are strict statutes of limitations guidelines followed by all Federal Courts and if the Plaintiff believed he had a valid claim, then this claim should have been filed within the appropriate time period, not thirty (30) years later. In Pennsylvania, the statute of limitations for fraud and negligent misrepresentation is two years. See 42 Pa. Cons.Stat. Section 5524(7). Under state law, the limitations period begins to run when "the right to institute and maintain the suit arises". Pocono Int'l Raceway, Inc. vs. Pocono Produce, Inc., 503 Pa. 80, 468 A.2d 468,471 (Pa. 1983). The Plaintiff has absolutely failed to meet the time requirements to file any claim in this court. Plaintiff's failure to follow the Statute of Limitations guidelines forever bars Plaintiff from coming forward to file a claim approximately 30 years later. Plaintiff claims that the alleged injuries occurred

sometime in 1977 and now he brings a claim in 2007. Plaintiff has not brought a timely claim; therefore, Plaintiffs claim is barred by law.

### III. Sanctions are Appropriate as Counsel Continues to ignore the "Laches Doctrine

Additionally, under the "Doctrine of laches" the Plaintiff can not slumber on his alleged rights. Further Plaintiff neglected to assert a claim for his rights within a reasonable time period, without a valid reason, therefore causing Plaintiff to be barred from any recovery, had he been entitled to some sort of recovery. After the time period set out in the applicable statute of limitations has run, no legal action can be brought regardless of whether any cause of action ever existed. Additionally, under California law which is persuasive authority, the elements of fraud are a) misrepresentation (false representation, concealment, or nondisclosure); b) knowledge of falsity (or scienter); c) intent to defraud, i.e., to induce, reliance; d) justifiable reliance; and e) resulting damage". Lazar vs. Superior Court, 12 Cal.4th 631,638 (1996). The Plaintiff is unable to show evidence of any of these elements. Accordingly, due to the fact that Plaintiff does not have facts or evidence to support his frivolous claim and due to the fact that Plaintiff was a "Work for Hire" Employee, and was never in an agreement with Defendant Levert and/or Williams, Plaintiff ultimately has no standing to bring a claim against Defendants Levert, Williams and/or Further, the Statute of Limitations has run;

### IV. Sanctions are Appropriate as Counsel Continues to Ignore Rule 11 and Stands by this Frivolous Lawsuit

The contract bears the signature of Plaintiff and ultimately leads a reasonable person to deduce that Plaintiff has filed not only a frivolous lawsuit, but has filed a lawsuit with **the intention** of deceiving the court and abusing the court system, by wasting their time and taxpayer's money. Certainly, Plaintiff was fully aware that Plaintiff was in an agreement which did not grant him royalties, as is evidenced by Plaintiff's failure to file a claim over 30 years ago. To suddenly file a frivolous claim after 30 years leads a reasonable mind to deduce that Plaintiff was fishing and hoping that records could not be retrieved and that

possibly he could reach a settlement by filing a frivolous claim. If in fact Plaintiff had a valid claim, there is still a 30 year delay in alerting the court system. If this was a valid claim then Plaintiff should have filed this suit 30 years ago. The facts surrounding this frivolous claim by Plaintiff clearly show that Plaintiff does not have a valid claim and that this courts mandate regarding Statute of Limitations, Laches, Standing, and abuse of process, just to name a few, should prevail and this case should be **Dismissed with Prejudice**.

**V. Sanctions are Appropriate as Plaintiff has knowledge that Plaintiff's Complaint Fails to Prove Conspiracy and/or Fraudulent Misrepresentation by "O'Jays Defendants".**

Plaintiff throughout the complaint accuses Defendants Levert and Williams of conspiring with other defendants to defraud Plaintiff. Under Pennsylvania law, Plaintiff must establish through evidence that "two or more persons combined or agreed to do an unlawful act or to do an otherwise lawful act by unlawful means". Thompson Coal Co., vs. Pike Coal Co., 488 Pa. 198, 412 A.2d 466, 472 (Pa. 1979). Plaintiff must also allege malice, i.e., intent to injure, and evidence that an overt act was performed in furtherance of the conspiracy, which resulted in actual legal damages. Corrigan vs. Methodist Hosp., 853 F. Supp. 832, 837 (E.D. Pa. 1994).

The Plaintiff can not establish through evidence that two or more persons agreed to do an unlawful act, particularly, since the Plaintiff is fully aware that the individuals that Plaintiff contends were in cahoots with Defendants Levert and Williams were actually adversaries in a separate legal proceeding with Levert and Williams up until approximately the end of 2005. Additionally, Plaintiff can not prove there has ever been intent to injure Plaintiff. Based upon these facts, Defendants Levert and Williams state Plaintiff has not fulfilled the pre-requisite requirements of a conspiracy allegation.

**VI. Sanctions are Appropriate Because Plaintiff's Counsel Have Ignored The Fact That There Was Improper Service and Have Ignored Their Failure to Serve all Defendants.**

Based upon Federal Rule of Civil Procedure 12(b)(5), the party effecting service and seeking to establish jurisdiction bears the burden of demonstrating the validity of service once it is challenged. Grand

Entm't Group, Ltd., 988 F.2d at 488, Petsinger vs. Dep't of Transp., 211 F.Supp.2d at 610, 611 (E.D. Pa. 2002). Additionally, service on a corporation is governed by Federal Rule 4(h), which permits service pursuant to the law of the state in which the district court sits. McKinnis vs. Hartford Life, 217 F.R.D. 359, 361 (E.D. Pa. 2003). Pennsylvania Rule 424 permits service on a corporation or similar entity by serving an executive officer, partner or trustee; by serving a manager, clerk, or other person in charge of any regular place of business of the corporation; or, by serving any agent authorized to receive service. Id. Plaintiff did not follow these rules. Plaintiff **did not** serve Defendant Levert, or Defendant O'Jays, Inc. at all. O'Jays, Inc. does not exist. Further Plaintiff did not serve Defendant Williams properly. Defendant Williams received a priority mail envelope from his stage manager, after a woman said "this is for you" and then placed the envelope at the foot of the stage at an O'Jays concert in New York. O'Jays, Inc. does not exist and was not the entity that was in contract with Plaintiff. Clearly, there should have never been an attempt to serve Defendants Levert and Williams, since they were never in an agreement with Plaintiff at all. Accordingly, the complaint should be dismissed for failure to properly serve.

**VII. Sanctions are Appropriate Because Counsel for Plaintiff has brought a claim in this Federal Court despite Improper Venue and Lack of Diversity of Citizenship**

The Plaintiff can not bring a claim in this Federal Court due to Improper Venue and Lack of Diversity of Citizenship. "PIR Defendants" have clearly shown by affidavit that Plaintiff allegedly lives in New Jersey and one of the Defendants lives in New Jersey, therefore causing Plaintiff not to meet the Diversity of Citizenship rule for the Federal Court-The United States District Court for The Eastern District of Pennsylvania. Additionally, unlike a 12(b)(6) motion, a motion pursuant to Rule 12(b)(2) claiming lack of personal jurisdiction is a matter that requires resolution of factual issues outside the pleadings. Colantonio vs. Hilton Int'l. Co., 2004 WL 1274387, at *1 (E.D.Pa June 8, 2004) (citing Time Share Vacation Club vs. Atl. Resorts Ltd., 735 F.2d 61,66n. 9 (3d Cir. 1984). "Once the lack of personal jurisdiction has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or

other competent evidence". The question of personal jurisdiction is appropriate for consideration on a motion to dismiss because it must be raised by a defendant in the first responsive motion. See Fed. R.Civ.P. 129h)(1). Defendants Levert and Williams were never in a contract with Plaintiff at any time during his career, therefore the court does not have personal jurisdiction over Levert and/or Williams.

**VIII.   Sanctions are Appropriate Because Plaintiff does not have Standing to bring a Claim against "O'Jays Defendants".**

Plaintiff does not have standing to bring a claim against Defendants Levert and Williams, particularly since Plaintiff was never in a contract with Levert and/or Williams, jointly or severely. Plaintiff has made claims as if he were not a "Work for Hire" Employee and as if he were in a contract with Defendants Levert and/or Williams. Plaintiff was under written contract with **GSW & E, Inc.** which specifically excluded Plaintiff from receiving royalties and many other monies which were not earmarked for Plaintiff, a "Work for Hire" Employee. Further, this "Work for Hire" agreement stated that Plaintiff could not sign on behalf of The O'Jays. The Plaintiff does not have standing to sue under the "Standing to sue" Doctrine. The law clearly states that "when the Plaintiff does not have a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy, he can not be afforded the opportunity to sue". Sierra Club vs. Morton, 405 U.S. 727, 92 S. Ct. 1361, 1364, 31 L.Ed.2d 636. The requirement of standing is only satisfied if one can say that the Plaintiff has a legally protectible and tangible interest at stake in the litigation. The Plaintiff can not say that Plaintiff has a legally protectible and tangible interest at stake based upon the mere fact that the Plaintiff was a "Work for Hire" Employee, and was never in an agreement with Defendants Levert, Williams and/or O'Jays, Inc. and the agreement he was in did not grant him royalties.

**IX. Sanctions are Appropriate Because Plaintiff's Counsel has Filed Suit Against Improper Parties and Attempts to File Claims Against Two Individual Defendants.**

Plaintiff has filed suit against improper parties. Plaintiff was at all times during his employment working for the O'Jays in a "Work for Hire" agreement under GSW **& E, Inc**., however, Plaintiff has chosen to file suit against individuals Walter Williams and Eddie Levert and a corporation titled O'Jays, Inc., which does not exist and a corporation which did not enter into an agreement with him for his Performance employment agreement. Because Plaintiff was hired by **GSW & E, Inc.** Corporation and signed an agreement with said corporation, he is barred from filing suit against the owners of the corporation, Levert and Williams jointly and/or severally and Plaintiff is barred from filing against another corporation. i.e. O'Jays, Inc. which had nothing to do with his employment agreement. Additionally, the complaint fails to make any claims against O'Jays, Inc., which leads one to believe this was yet another form of harassment. Plaintiff's Counsel has attempted to pierce the corporate veil by joining Defendants Levert and Williams to their Complaint. Lumax Industrial v.s Aultman, 543 Pa. 38, 669 A.2d 893, 895 (1995) support Defendants Levet and Williams position that Levert and Williams would have no personal liability at all. There is no evidence whatsoever to prove otherwise.

**X. Sanctions are Appropriate Because a Reasonable Inquiry would have revealed that Plaintiff was a "Work for Hire" Unless there is a writing to the contrary.**

In Pennsylvania, "there is a strong presumption that employment is "at-will" and terminable by either party for any reason, or even no reason at all, unless there is a statutory or contractual provision to the contrary. Buckwalter vs. ICI Explosives USA, Inc., No. 96-4795, 1998 WL 54355 (E.D.Pa. Jan. 8, 1998); Nix vs. Temple Univ. of Com. System of Higher Educ., 408 Pa.Super. 369, 596 A.2d 1132, 1135 (Pa. Super. 1991).

One of the "Work for Hire" agreements dated May 1, 1977 was deemed to have been made in the State of California. The California Labor Code creates a presumption that all employment is "At Will". This is not a partnership and does not entitle Plaintiff to any perks that a partner is entitled to.

14

The other "Work for Hire" agreement dated May 1, 1977 which refers to Plaintiff's employment is deemed to have been made in the State of Ohio. In Ohio, like other jurisdictions, unless there is a writing to the contrary, it is presumed that all employment is "At Will".

**XI. Under Rule 11, The Court should Impose Sanctions in the Amount of the "O'Jays Defendants" Reasonable Costs and Attorneys' Fees and Dismiss Plaintiff's Complaint With Prejudice.**

Under Federal Rule 11(c)(2), the court may award sanctions for monetary and no monetary relief. Plaintiff's Counsel have been provided with more than enough evidence to prove that Plaintiff was not in a contract with Defendant's Levert, Williams or O'Jays, Inc., yet Plaintiff's Counsel has not withdrawn this frivolous complaint. Further, Plaintiff's Counsel was sent a Rule 11 Letter April 12, 2007 and at that time did not withdraw this frivolous complaint. At no time have Plaintiff's Counsel provided O'Jays Defendants with evidence which would lead a reasonable person to believe that Plaintiff's have an actionable claim and because of this, under Rule 11, this makes the claim unmeritorious. The Complaint filed by Plaintiff's Counsel was signed in violation of Rule 11 and was not corrected although O'Jays Defendants sent a Rule 11 Letter to Plaintiff's Counsel on April 12, 2007 and further provided Plaintiff's Counsel with a copy of the Rule 11 Motion to be filed in 21 days on May 4, 2007.

Clearly Rule 11 was created to advise Counsel of the wrongs that should not be committed and to advise them of the repercussions, i.e. monetary, which they could face and above all to deter frivolous lawsuits.

Plaintiff's failure to dismiss this complaint is unwarranted and O'Jays Defendants believe that their actions are inexcusable.

## **CONCLUSION**

**WHEREFORE,** for all the foregoing reasons, Defendants Levert and Williams respectfully request that the Court grant Defendants Levert, Williams and O'Jays, Inc's pending Motion to Dismiss the

Plaintiff's Complaint, and grant O'Jays Defendant's Rule 11 Motion, imposing Sanctions against Plaintiff's Counsel and that the Court Dismiss Plaintiff's Complaint against Defendants Levert and Williams and O'Jays, Inc. **with Prejudice**.

Respectfully Submitted,
By:
*Rosalind R. Ray, Esq.*
_____
Rosalind R. Ray, Esq., PA bar No.-61563
**Law Offices of Rosalind R. Ray, PLLC**
6856 Eastern Avenue, NW, Suite 208
Washington, DC  20012
202-722-7282
Fax – 202-722-7933

*James L. Bearden, Esq.*
_____
James L. Bearden, Esquire, Pro Hac Vice Pending
The Thomas Law Group
445 E. Palmetto Park Road
Boca Raton, Florida  33432

*Arnold Gaines, Esq.*
_____
Arnold Gaines, Esquire, Pro Hac Vice Pending
Gary Williams Parenti et al.
221 E. Osceola Street
Stuart, Florida  34994

**ATTORNEYS FOR DEFENDANTS LEVERT AND WILLIAMS**

# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

SAMMY STRAIN )
)
) Civil Action No – 07-734
vs. )
)
)
EDDIE LEVERT, WALTER WILLIAMS, )
O'JAYS INC., PHILADELPHIA )
INTERNATIONAL RECORDS, )
ASSORTED MUSIC, INC., GAMBLE- )
HUFF, & CHUCK GAMBLE )

## ORDER

**AND NOW,** this _____ day of May, 2007, it is hereby **ORDERED** that Defendant's Levert and Williams and O'Jays, Inc.'s Motion To Dismiss With Prejudice is **GRANTED,** Sanctions in the amount of _____ shall be paid by _____, 2007 and the Complaint filed by Plaintiff is **DISMISSED with Prejudice.**

_____
**JUDGE**

cc: Rosalind R. Ray, Esq.　　　　　　　　James L. Bearden, Esq.
　　Law Offices of Rosalind R. Ray, PLLC　The Thomas Law Group
　　6856 Eastern Avenue, NW, Suite 208　445 E. Palmetto Park Road
　　Washington, DC  20012　　　　　　　Boca Raton, Florida 33432
　　　　　　　　　　　　　　　　　　　Pro Hac Vice Pending
　　Arnold Gaines, Esq.
　　Gary Williams Parenti et al.　　　　　Denis J. Lawler, Esq.
　　221 E. Osceola Street　　　　　　　Blank Rome LLP
　　Stuart, Florida  34994　　　　　　　One Logan Square
　　Pro Hac Vice Pending　　　　　　　130 North 18th Street
　　　　　　　　　　　　　　　　　　　Philadelphia, PA  19103
　　Robert T. Vance, Jr., Esq.
　　and Charles A. Whittier, Esq.　　　　Alan M. Freeman, Esq.
　　100 South Broad Street, Suite 1530　Blank Rome LLP
　　Philadelphia, PA  19110　　　　　　600 New Hampshire Ave. NW
　　　　　　　　　　　　　　　　　　　Washington, DC  20037

　　Philip Asbury, Esq
　　309 South Broad Street
　　Philadelphia, PA  19107