IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAMMY STRAIN                    :    CIVIL ACTION
                                :
     v.                         :
                                :
EDDIE LEVERT, et al.            :    NO. 07-734

ORDER

AND NOW, this 5th day of October, 2007, upon consideration of the Motion for Rule 11 Sanctions of defendants Levert, Williams and O'Jays, Inc., (Docket No. 24), the plaintiff's opposition, the defendants' reply thereto, the defendants' addendum thereto, and after oral argument held on June 7, 2007, IT IS HEREBY ORDERED that said motion is DENIED.

Although the Court can understand the moving defendants' frustration over the filing of this complaint and the necessity of incurring attorneys' fees to have it dismissed, Fed. R. Civ. Pro. 11 demands a high standard for the imposition of sanctions, and the Court cannot find that the standards are met here. The plaintiff dismissed this case promptly after he received copies of two agreements (one dated March 15, 1977, and one dated May 1, 1977) that undermined his argument that the moving defendants owed the plaintiff any royalties prior to 1992. At the oral argument on the motion to dismiss, counsel for the moving defendants presented the two documents and stated that it was not until after the litigation had commenced that she or

someone under her direction had discovered the agreements by chance in old storage boxes. Tr. of 6/7/07 Hearing, at 23-24, 37.

The moving defendants argue that the dismissal should have been with prejudice and sanctions should have been paid to them. Usually, a dismissal under Fed. R. Civ. Pro. 41(a) is without prejudice. The plaintiff was willing to dismiss this case with prejudice in return for a withdrawal of the sanctions motion. The moving defendants, however, required the signing of a broad general release that the plaintiff was not prepared to sign. The Court does not believe that it can now mandate a dismissal with prejudice, although it seems highly unlikely that the plaintiff would attempt to file a suit seeking the same recovery under the theories here. In fact, in a telephone conversation, the plaintiff's counsel stated that the plaintiff was prepared to sign a release that related to this case but not to any claims that the plaintiff may have with respect to royalties paid to the moving defendants in the last few years.

The Court also cannot find that the plaintiff, or his counsel, ignored the impact of the statute of limitations and the laches doctrine. The plaintiff claimed that he did not become aware of the possibility of royalties being owed until the second half of 2005 when he became aware of a prior court action and settlement arising from a royalty dispute between the moving

defendants and the Philadelphia International Records defendants. Under these circumstances, the Court will deny the motion.

BY THE COURT:

<u>/s/ Mary A. McLaughlin</u>
MARY A. McLAUGHLIN, J.